IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| OVERSEAS MILITARY SALES CORPORATION,<br><br>    Plaintiff<br><br>    v.<br><br>VÍCTOR SUÁREZ-MELÉNDEZ, et al.,<br><br>    Defendants | CIVIL NO. 08-1479 (JP) |

**OPINION AND ORDER**

Before the Court is a motion to dismiss (No. 18) filed by Defendant Víctor Suárez-Meléndez ("Suárez"), in his capacity as Secretary of the Department of Consumer Affairs of the Commonwealth of Puerto Rico ("DACO"); and Plaintiff Overseas Military Sales Corporation's ("Overseas") opposition thereto (No. 20). Plaintiff Overseas filed the instant complaint against Defendants Suárez, Roberto Ramos-Colón ("Ramos"), and Pedro Caraballo-Nieves ("Caraballo"), pursuant to Article I, Section 8, Clause 17, and Article IV, Section 3, Clause 2 of the United States Constitution. Plaintiff alleges that Defendants interfered with the United States Government's right to exclusive jurisdiction over the federal enclave of Fort Buchanan, Puerto Rico, by attempting to enforce consumer protection laws and regulations promulgated by the Commonwealth of Puerto Rico within said enclave.

CIVIL NO. 08-1479 (JP)          -2-

Defendant Suárez moves the Court to dismiss Plaintiff's complaint, arguing that the Court lacks jurisdiction over this case because the issues raised by Plaintiff are moot. Defendant Suárez also moves the Court to deny Plaintiff's request for a preliminary injunction. For the reasons stated herein, Defendant's motion to dismiss (**No. 18**) is hereby **GRANTED IN PART AND DENIED IN PART**.

## I.     FACTUAL ALLEGATIONS

Plaintiff is a New York corporation that administers a United States military program providing the sale of motor vehicles within Fort Buchanan, Puerto Rico. Plaintiff operates within a set of contracts by and between automobile manufactures and the Army and Air Force Exchange Service (the "AAFES"). Vehicle manufacturers contract with AAFES to obtain authorization to administer the AAFES vehicle program on military bases worldwide, including the base located within Fort Buchanan. The manufacturers then enter into contracts with Plaintiff Overseas, thereby engaging Overseas as a subcontractor to administer the AAFES program. In administering the AAFES program on military bases such as Fort Buchanan, Plaintiff Overseas accepts orders for the purchase of vehicles from authorized Exchange customers as defined by the United States Department of Defense.

Defendants Ramos and Caraballo purchased motor vehicles from Plaintiff at Fort Buchanan. Subsequently, said Defendants filed complaints with DACO, claiming that the cars they had purchased were defective. Plaintiff alleges that DACO is currently administering

CIVIL NO. 08-1479 (JP)           -3-

and processing said complaints against Plaintiff, even though Plaintiff exists under the exclusive legislative jurisdiction of the federal government, and as such, it is free from regulation under the laws of Puerto Rico.

## II.  **LEGAL STANDARD FOR A MOTION TO DISMISS**

According to the Supreme Court, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007).  As such, in order to survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable. Id. at 1974. The First Circuit has interpreted Twombly as sounding the death knell for the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007), quoting Twombly, 127 S. Ct. at 1969.  Still, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff."  Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 997 (1st Cir. 1992).

CIVIL NO. 08-1479 (JP)          -4-

### III. **ANALYSIS**

Defendant Suárez moves to dismiss the complaint, arguing that the existing case is moot because the two administrative consumer complaints have been resolved. Further, Defendant argues that the Court should deny Plaintiff's motion for a preliminary injunction because Plaintiff cannot demonstrate a likelihood of success on the merits. The Court will now consider Defendant's arguments in turn.

#### A. **Mootness**

Article III of the Constitution confines federal courts to the resolution of actual cases and controversies. See U.S. CONST. art. III, § 2, cl. 1; see also Overseas Military Sales Corp. v. Giralt-Armada, 503 F.3d 12, 16 (1st Cir. 2007) (citing Shelby v. Superformance Int'l, Inc., 435 F.3d 42, 45 (1st Cir. 2006)). The case or controversy requirement ensures that courts do not render advisory opinions. Overseas Military Sales Corp., 503 F.3d at 16-17. The United States Court of Appeals for the First Circuit has held that a "case is moot . . . when the issues presented are no longer live or when the parties lack a legally cognizable interest in the outcome." Cruz v. Farquharson, 252 F.3d 530, 533 (1st Cir. 2001). Dismissal of the action is compulsory when a court determines that a case or controversy ceases to exist. Id.

Here, the issue is whether the closure of Defendants Ramos and Caraballos' DACO complaints renders Plaintiff's claim moot. By way of background, Plaintiff Overseas argues in its complaint that the

CIVIL NO. 08-1479 (JP)            -5-

federal enclave doctrine bars DACO from adjudicating the complaints filed by Ramos and Caraballo, and that Defendant Suárez violated said doctrine by allowing the complaints filed by Ramos and Caraballo to be brought before DACO.  The federal enclave doctrine provides that "[t]he Congress shall have Power . . . [t]o exercise exclusive Legislation in all Cases whatsoever, over . . . all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings."  U.S. CONST. art. I, § 8, cl. 17.  Additionally, a provision in Article IV states in relevant part: "The Congress shall have Power to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States."  Id., art. IV, § 3, cl. 2.  In an earlier lawsuit, Plaintiff and the Commonwealth of Puerto Rico stipulated that DACO is prevented from enforcing Puerto Rico's consumer protection law against Plaintiff regarding vehicle sales at Fort Buchanan.  Overseas Military Sales Corp., 503 F.3d at 14.

Defendant claims that on February 29, 2008, DACO ordered the closure of Defendant Caraballo's complaint, and that Defendant Ramos' complaint has been paralyzed since January 2008.  Given the parties' stipulation in the earlier lawsuit, along with Defendant Suárez's representation that the two DACO complaints in question have been closed, Defendant argues that the case is moot as no actual controversy exists before the Court.  The Court disagrees.

CIVIL NO. 08-1479 (JP)          -6-

First, it is clear from the record that Ramos' DACO complaint has not been terminated; rather, it has been voluntarily stayed by DACO. The United States Supreme Court has consistently held that a movant's burden of demonstrating mootness is a heavy one. United States v. W. T. Grant Co., 345 U.S. 629, 633 (1953). The movant must demonstrate that "there is no reasonable expectation that the wrong will be repeated." Id. The Court finds that Defendant has not met his burden of demonstrating that the issue is moot considering he has not proven that the pending complaints have both been terminated.

Second, even if Defendant had proffered evidence to show that Ramos' complaint had been closed, the Court finds that Defendant's voluntary cessation of administering the DACO complaints would not suffice to sustain Defendant's mootness argument at this stage of the proceedings. The United States Supreme Court has held that a defendant's voluntary cessation of allegedly illegal conduct does not deprive the court of the power to hear and determine the case; that is, it does not render the case moot. W. T. Grant Co., 345 U.S. at 632. A court must be assured that the wrong will not be repeated, and that the defendant is not free to return to his old ways, especially when taking into consideration the public interest in having the legality of the practices settled. Id., see also Sánchez-Mariani v. Ellingwood, 691 F.2d 592, 595 (1st Cir. 1982). The Court is not convinced that Defendant has ceased processing all DACO claims relating to Plaintiff's business at Fort Buchanan,

CIVIL NO. 08-1479 (JP)          -7-

especially in light of the fact that Defendant Ramos' case is still technically open, although stayed. As such, the Court holds that a live controversy exists, and Defendant's motion to dismiss on mootness grounds is denied.[1]

### B. **Preliminary Injunction**

Defendant Suárez moves the Court to deny Plaintiff's request for a preliminary injunction. The First Circuit set forth the following requirements for a court to consider when deciding a party's motion for preliminary injunctive relief: (1) the likelihood of plaintiff's success on the merits; (2) irreparable injury to plaintiff; (3) whether plaintiff's injury outweighs any harm the relief could inflict respondent; (4) whether the public interest will be adversely affected. Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 5 (1st Cir. 1991).

Defendant's only argument for the denial of the entry of a preliminary injunction is that Plaintiff cannot demonstrate a likelihood of success on the merits in this lawsuit because the issue is moot. However, as stated above, the Court finds that Defendant has failed to demonstrate that the issue in this case is moot.

---

1.   Plaintiff correctly notes that the exhibits to Defendant's motion to dismiss were filed in the Spanish language, in direct contravention of Rule 10(b) of the Local Rules of the United States Court for the District of Puerto Rico. Defendant moved for an extension of time to translate said exhibits in a footnote of its brief, which was inadvertently overlooked by the Court at the time of Defendant's filing. Defendant is admonished for not filing his exhibits in the English language or requesting an extension of time in a separate motion. However, given that the Court has reached a conclusion on the merits of Defendant's arguments, it need not address Plaintiff's arguments regarding Defendant's improper filing.

CIVIL NO. 08-1479 (JP)          -8-

Moreover, the Court finds that Plaintiff has a likelihood of success on the merits, given that the Commonwealth of Puerto Rico stipulated in 2007 that DACO is prevented from administering claims related to Plaintiff's business at Fort Buchanan.  Overseas Military Sales Corp., 503 F.3d at 14.

However, it is well-established that the moving party has the burden of showing why the request for preliminary injunction should be granted.  Picker Int'l v. Kodak Caribbean, Ltd., 826 F. Supp. 610, 613 (D.P.R. 1993).  Although Plaintiff requests a preliminary injunction in its complaint, it does not specifically address the requirements for the entry of a preliminary injunction, nor does it move for a hearing on the issue.[2]  After Defendant squarely moved for a denial of Plaintiff's motion for a preliminary injunction in its motion to dismiss, Plaintiff failed to address Defendant's argument relating to the preliminary injunction in its opposition brief.  The Court finds that Plaintiff has had ample opportunity to argue for the entry of a preliminary injunction, and failed to do so.

Even if the Court finds that Plaintiff has presented evidence regarding the first two prongs of the test set forth by Narragansett Indian Tribe, *supra*, Plaintiff has not addressed whether its injury

---

2.   The Court notes that it need not hold a hearing before ruling on whether to issue a preliminary injunction.  Picker Int'l v. Kodak Caribbean, Ltd., 826 F. Supp. 610, 612 (D.P.R. 1993) (internal citations omitted).  Further, a hearing is not required when the parties have exercised their ample opportunity to submit briefs on the question.  Id. (citing Town of Burlington v. Dep't. of Educ., 655 F.2d 428, 433 (1st Cir. 1981)).

CIVIL NO. 08-1479 (JP)          -9-

in the absence of a preliminary injunction outweighs any harm the relief could inflict respondent, or whether the public interest will be adversely affected if a preliminary injunction is entered. Therefore, the Court grants Defendant's motion to dismiss in relation to Plaintiff's motion for a preliminary injunction.  The Court notes that Plaintiff's request for a permanent injunction is still pending before the Court.

**IV.  CONCLUSION**

In conclusion, Defendant's motion to dismiss is **GRANTED IN PART AND DENIED IN PART**.  The Court denies Defendant's motion to dismiss on mootness grounds, and grants Defendant's motion as to Plaintiff's request for a preliminary injunction.

Plaintiff has filed a motion for summary judgment (No. 16), which has not yet been opposed by Defendant.  Defendant **MAY** file an opposition to Plaintiff's motion for summary judgment, along with an opposing statement of material facts, **on or before March 6, 2009.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 25th day of February, 2009.

                              s/Jaime Pieras, Jr.
                              JAIME PIERAS, JR.
                           U.S. SENIOR DISTRICT JUDGE