IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| OVERSEAS MILITARY SALES CORPORATION,<br><br>        Plaintiff<br><br>              v.<br><br>VÍCTOR SUÁREZ-MELÉNDEZ, et al.,<br><br>        Defendants | CIVIL NO. 08-1479 (JP) |

## **OPINION AND ORDER**

Before the Court is a motion for summary judgment (No. 16) filed by Plaintiff Overseas Military Sales Corporation ("Overseas"). Said motion is not opposed by Defendants.¹ Plaintiff Overseas filed the instant complaint against Defendants Víctor Suárez-Meléndez ("Suárez"), in his capacity as Secretary of the Department of Consumer Affairs of the Commonwealth of Puerto Rico; Roberto Ramos-Colón ("Ramos"), and Pedro Caraballo-Nieves ("Caraballo") (collectively, "Defendants"), pursuant to Article I, Section 8, Clause 17, and Article IV, Section 3, Clause 2 of the United States Constitution. Plaintiff alleges that Defendants interfered with the United States Government's right to exclusive jurisdiction over the

---

1.   On February 26, 2009, the Court denied Defendant Suárez's motion to dismiss, and allowed Defendants until March 6, 2009, to oppose Plaintiff's motion for summary judgment (No. 35). Defendants moved for an extension until March 13, 2009, to file their opposition. In the same motion (No. 36), Defendants informed the Court that they were seriously re-evaluating their position, and they had not yet determined whether they would oppose Plaintiff's motion. The Court granted Defendants until March 11, 2009 to oppose Plaintiff's motion, and warned Defendants that no further extensions would be granted. Defendants did not file an opposition brief prior to the March 11, 2009 deadline.

CIVIL NO. 08-1479 (JP)          -2-

federal enclave of Fort Buchanan, Puerto Rico, by attempting to enforce consumer protection laws and regulations promulgated by the Commonwealth of Puerto Rico within said enclave.  For the reasons stated herein, Plaintiff's motion for summary judgment (**No. 16**) is hereby **GRANTED**.

I. **MATERIAL FACTS NOT IN GENUINE ISSUE OR DISPUTE**

The following facts are deemed uncontested by the Court because they were included in the motion for summary judgment with proper evidentiary support and were not opposed.

1. Plaintiff Overseas is a Swiss corporation who administers a United States military program providing for the sale of vehicles within Fort Buchanan.
2. Overseas operates in Fort Buchanan under a set of contracts by and between automobile manufacturers and the Army and Air Force Exchange Service (the "AAFES"). Vehicle manufacturers contract with AAFES to obtain authorization to administer the AAFES vehicle program on military bases worldwide, including the base located within Fort Buchanan.  The manufacturers then enter into contracts with Overseas, thereby engaging Overseas as a subcontractor to administer the AAFES program.
3. In administering the AAFES program on military bases such as Fort Buchanan, Overseas accepts orders for the purchase of vehicles from authorized Exchange customers as defined

CIVIL NO. 08-1479 (JP)          -3-

       by the United States Department of Defense (Directive No. 1330.9).

4. At all times relevant to the complaint, Defendant Suárez held the title of Secretary of the Department of Consumer Affairs of the Commonwealth of Puerto Rico ("DACO").

5. At all times relevant to the complaint filed in this case, Defendants Ramos and Caraballo (collectively, the "Individual Defendants") had privileges to purchase at the Fort Buchanan Exchange/PX.

6. DACO is currently administering and processing complaints filed by the Individual Defendants against Overseas and others, where these Individual Defendants request remedies based on the allegation that they purchased defective vehicles from Overseas in Fort Buchanan.

7. The Individual Defendants, like other Overseas' clients in Fort Buchanan, have remedies available through the proper channels within that federal enclave's military structure, in the event of being dissatisfied with Overseas of the vehicles purchased from Overseas.

## II. **LEGAL STANDARD FOR A MOTION FOR SUMMARY JUDGMENT**

Summary judgment serves to assess the proof to determine if there is a genuine need for trial. Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990). Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate

CIVIL NO. 08-1479 (JP)            -4-

when "the record, including the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, viewed in the light most favorable to the nonmoving party, reveals no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Zambrana-Marrero v. Suárez-Cruz, 172 F.3d 122, 125 (1st Cir. 1999) (stating that summary judgment is appropriate when, after evaluating the record in the light most favorable to the non-moving party, the evidence "fails to yield a trial worthy issue as to some material fact"); Goldman v. First Nat'l Bank of Boston, 985 F.2d 1113, 1116 (1st Cir. 1993); Canal Ins. Co. v. Benner, 980 F.2d 23, 25 (1st Cir. 1992). The Supreme Court has stated that "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In this way, a fact is material if, based on the substantive law at issue, it might affect the outcome of the case. See Mack v. Great Atl. and Pac. Tea Co., Inc., 871 F.2d 179, 181 (1st Cir. 1989).

On a summary judgment motion, the movant bears the burden of "informing the district court of the basis for its motion and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the movant

CIVIL NO. 08-1479 (JP)            -5-

meets this burden, the burden shifts to the opposing party who may not rest upon mere allegations or denials of the pleadings, but must affirmatively show, through the filing of supporting affidavits or otherwise, that there is a genuine issue of material fact for trial. See Anderson, 477 U.S. at 248; Celotex, 477 U.S. at 324; Goldman, 985 F.2d at 1116.

## III. **ANALYSIS**

Plaintiff Overseas moves the Court to enter summary judgment on its behalf, arguing that: (1) the United States has exclusive jurisdiction over Fort Buchanan, including Plaintiff's operations there, (2) DACO has expressly conceded that it does not have jurisdiction over Plaintiff in relation to transactions taking place within Fort Buchanan, and (3) Plaintiff will continue suffering constitutional harm if Defendants are not enjoined from administering DACO complaints against Plaintiff.  The Court will now consider Plaintiff's arguments in turn.

### A.   **The Federal Enclave Doctrine**

Plaintiff first argues that Fort Buchanan is a federal enclave, and therefore the United States has exclusive jurisdiction over Plaintiff's operations at Fort Buchanan.

A federal enclave is a tract of land over which the United States government exerts exclusive federal legislative jurisdiction. Rivera de León v. Maxon Eng'g Servs., 283 F. Supp. 2d 550, 558 (D.P.R. 2003) (citations omitted).  The so-called enclave clause

CIVIL NO. 08-1479 (JP)         -6-

of the United States Constitution grants Congress the power to "to exercise exclusive Legislation in all Cases whatsoever . . . over all Places purchased by the Consent of the Legislature of the State in which the Same shall be for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings." U.S. CONST. art. I, § 8, cl. 17; see Torréns v. Lockheed Martin Servs. Group, Inc., 396 F.3d 468, 469-70 (1st Cir. 2005). The United States Constitution also grants Congress the power to make all needful rules and regulations regarding territories or other properties belonging to the United States. U.S. CONST. art. IV, § 3, cl. 2.

Jurisprudence under the enclave clause has developed to determine whether and when property acquired by the federal government meets the standards for treatment as a federal enclave to which state regulation does not apply. Torréns, 396 F.3d at 470. The United States Court of Appeals for the First Circuit has held that this same regime of federal enclave jurisprudence applies in Puerto Rico, even though Puerto Rico it is not a state. Id. A proper analysis to determine whether a state law applies within a federal enclave considers "whether either the state law existed at the time of cession and has not been abrogated by Congress, whether a relevant predecessor state law existed, or whether Congress has specifically acted to make state law applicable on the enclave." Kelly v. Lockheed Martin Servs. Group, 25 F. Supp. 2d 1, 6 (D.P.R. 1998).

CIVIL NO. 08-1479 (JP)          -7-

The First Circuit has previously considered the specific issue of whether Fort Buchanan is considered a federal enclave, holding that "the federal government [] possess[es] exclusive jurisdiction over the lands on which Fort Buchanan now lies." People v. Koedel, 927 F.2d 662, 665 (1st Cir. 1991)[2] (citing Capitol Construction v. Secretary of the Treasury, 89 P.R.R. 319, 323 (1963) (jurisdiction over military bases in Puerto Rico acquired prior to 1955 is exclusively in the United States)).  In Koedel, the Circuit Court found that exclusive federal jurisdiction meant that the United States Government had the sole power or authority to prosecute an individual for criminal acts on Fort Buchanan.  977 F.2d at 665.  The First Circuit stated that it is unaware of any theory or authority "under which exclusive jurisdiction can be implicitly transformed into concurrent jurisdiction through actions other than legislative intervention." Id. at 666.

There is no factual dispute as to whether the incidents giving rise to this lawsuit occurred on the premises of Fort Buchanan. The Individual Defendants purchased their vehicles from Plaintiff Overseas, whose car-selling business is clearly located within the boundaries of Fort Buchanan.  Accordingly, the Court finds as a matter of law that Plaintiff is subject only to the exclusive jurisdiction of the United States Government because of its location

---

2.    Because a detailed historical description of the reasoning for exclusive federal jurisdiction at Fort Buchanan is provided by the First Circuit in Koedel, *supra,* the Court will not tarry here with the specifics.

CIVIL NO. 08-1479 (JP)           -8-

within Fort Buchanan, a federal enclave in which the United States Government exercises exclusive jurisdiction. In fact, the Individual Defendants have remedies available through the proper channels within Fort Buchanan's military structure through which they can bring claims against Plaintiff for allegedly selling defective vehicles. Therefore, Plaintiff Overseas is entitled to summary judgment on its claim that DACO cannot exercise jurisdiction over consumer complaints against it.

### B.   DACO's Concession Regarding Jurisdiction

Having found summary judgment to be appropriate upon Plaintiff's motion, the Court will only briefly address Plaintiff's argument that DACO has expressly conceded that it does not have jurisdiction over Plaintiff in relation to Plaintiff's business within Fort Buchanan.

In 2004, Plaintiff filed a complaint in federal court regarding a previous administrative case where DACO attempted to exert jurisdiction over Plaintiff regarding consumer complaints. Overseas Military Sales Corp. v. LCDA, 399 F. Supp. 2d 33 (D.P.R. 2005) (Cerezo, J.). The case was referred to a magistrate who recommended denying Plaintiff's request for a preliminary injunction on three grounds: (1) the Court lacked subject matter jurisdiction over the claim under the *Rooker-Feldman* doctrine, (2) Plaintiff's claim was barred by principles of claim and issue preclusion, and (3) Plaintiff was unlikely to succeed on the merits of its claim. Judge Cerezo adopted the magistrate's report and recommendation in its entirety.

CIVIL NO. 08-1479 (JP)           -9-

Less than one month later, the district court *sua sponte* entered an order dismissing the entire case "for the reasons stated in [its prior] Opinion and Order."

Overseas appealed the aforesaid decision to the First Circuit. <u>Overseas Military Sales Corp. v. Giralt-Armada</u>, 503 F.3d 12 (1st Cir. 2007). Two months after Overseas filed its appeals brief, the parties filed a joint motion informing the First Circuit that they had settled the case. Defendant Commonwealth of Puerto Rico conceded that the position taken by Overseas was correct; specifically, that DACO cannot prosecute consumer complaints in Fort Buchanan. <u>Id.</u> at 14. Given that the parties reached a settlement agreement, the First Circuit deemed the case moot, subsequently dismissing the appeal and vacating the district court's judgment. In its decision, the Court stated:

> We understand that the vacatur of the district court's judgment represents only a partial victory for [Overseas], which wanted not only vacatur of the district court's judgment but also a decision from us on the merits that would have preclusive effect. However . . . we can only render such decisions in the context of a live controversy. We do not have such a controversy here.

<u>Id.</u> at 18. Given that the First Circuit did not issue a decision on the merits that would have preclusive effect, this Court cannot rely on the First Circuit's decision alone. However, the Court considers the fact that DACO conceded its position before the First Circuit, and also that Defendant Suárez failed to submit an opposition to Plaintiff's motion for summary judgment in the instant case. In

CIVIL NO. 08-1479 (JP)            -10-

light of this backdrop, and considering the clear findings regarding Fort Buchanan in Koedel, *supra*, the Court concludes that Plaintiff has demonstrated that no question of fact exists regarding whether Plaintiff is free from DACO regulation in its business at Fort Buchanan.

### C.   Injunctive Relief

Finally, Plaintiff moves the Court for permanent injunctive relief, arguing that it will continue suffering constitutional harm in the absence of an injunction.

The issuance of a permanent injunction requires the application of a four-step framework, as set forth by the First Circuit, which requires a plaintiff to demonstrate the following: (1) that it has suffered an irreparable injury; (2) that remedies available at law are inadequate to compensate for that injury; (3) that, considering the balance of the hardships between the [parties], a remedy in equity is warranted; and (4) that the public interest will not be harmed by the entry of a permanent injunction. Esso Std. Oil Co. v. López-Freytes, 522 F.3d 136, 148 (1st Cir. 2008)(citing eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 390 (2006)).

The Court finds that Plaintiff has met the aforesaid criteria. Defendants are violating Plaintiff's right to exclusive federal jurisdiction pursuant to Article I, Section 8, Clause 17 of the United States Constitution. In the absence of injunctive protection, Plaintiff may be subject to further DACO complaints administered

CIVIL NO. 08-1479 (JP)          -11-

against it, thereby causing Plaintiff the harm of having to defend itself in a forum where DACO actually lacks jurisdiction. The remedies available at law, including monetary relief, do not compensate for said injury. Considering the balance of the equities between the parties and also considering the public interest, the Court finds that the entry of a permanent injunction is warranted, given that Plaintiff's consumers at Fort Buchanan may file their grievances through a separate military structure. Therefore, the opportunity for consumers to air their grievances will not be foreclosed by the entry of injunctive relief.

**IV.  CONCLUSION**

In conclusion, the Court **GRANTS** Plaintiff's motion for summary judgment. The Court finds that the federal enclave doctrine applies to Plaintiff in this case, and accordingly that DACO has no jurisdiction over complaints filed before it pertaining to Plaintiff's business activities at Fort Buchanan. Further, the Court **GRANTS** Plaintiff's request for a permanent injunction against Defendant Suárez, and hereby enjoins him from violating the federal enclave doctrine by allowing DACO to administer complaints involving Plaintiff's business at Fort Buchanan.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 22nd day of March, 2009.

                                        s/Jaime Pieras, Jr.
                                         JAIME PIERAS, JR.
                                    U.S. SENIOR DISTRICT JUDGE